PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD L. CURLEY, | ) | |
| | ) | CASE NO. 5:12CV2901 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| MARGARET BRADSHAW, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

*Pro se* Petitioner Richard L. Curley filed this Petition for a Writ of Habeas Corpus under 28

U.S.C. § 2254.  Curley is currently incarcerated in the Richland Correctional Institution, having been

convicted in 2001 of seven counts of burglary.  He claims he is entitled to habeas relief because his

original sentence did not mention a specific term of post-release control and the trial court's later

attempt to revise his sentence to include a specified mandatory period of post-release control

impermissibly altered his sentence.  For the reasons set forth below, the Petition is denied and the

action is dismissed.

## I.  Factual and Procedural Background

Petitioner was indicted on nine counts of burglary in the Summit County Court of Common

Pleas on September 25, 2000.  (ECF No. 1 at 1).  On January 4, 2001, Petitioner entered into a plea

agreement with the State, in which he agreed to plead guilty to seven counts of burglary in exchange

for the State's agreement to drop the other two burglary charges.  (ECF No. 1-2 at 1).  He was

sentenced on February 21, 2001 to terms of incarceration of three years on each count of burglary,

to be served consecutively.  (ECF No. 1-2 at 1).  In addition, the trial court ordered:

After release from prison, the Defendant is ordered subject to post-release control to

(5:12CV2901)

the extent the parole board may determine as provided by law.

(ECF No. 1-2 at 1).

### A. Direct Appeal

Petitioner filed a Notice of Appeal to the Ohio Ninth District Court of Appeals on February 23, 2001.  *See State v. Curley*, No. CR-2000-09-2145 (Summit Cty. Ct. Comm. Pl. indictment filed Sept. 25, 2000).[1]  (ECF No. 1 at 2).  Petitioner did not, however, pay the filing fee for the appeal and did not seek waiver of the fee in accordance with Local Rule 2(C).  *Id.*  He also failed to file a docketing statement with a copy of the final judgment of the trial.  The Court of Appeals ordered him to correct these deficiencies by March 16, 2001.  Petitioner did not respond to the court's order, and the appeal was dismissed on March 21, 2001.  *Id.*

Petitioner filed a Motion for Delayed Appeal under Ohio Appellate Rule 5(A) on March 27, 2001.  *Id.*  That motion was denied on April 6, 2001 because the Court determined Rule 5(A) was only available when the appellant had failed to file a timely appeal as of right in the first instance.  Whereas, Petitioner's appeal as of right was deemed untimely because he failed to pay the filing fee and file the docketing statement.  *Id.*  Petitioner did not appeal this decision to the Ohio Supreme Court.  (ECF No. 1 at 2).

### B. Post Conviction Relief

Prior to the dismissal of either appeal referenced above, on February 26, 2001, Petitioner filed a Motion for Post Conviction Relief.  On  August 6, 2001, he filed a Motion to Withdraw his

---

[1]    Summit County Court of Common Pleas dockets and copies of filed documents can be obtained on-line at  http://www.cpclerk.co.summit.oh.us/welcome.asp

2

(5:12CV2901)

Guilty Plea.  In both motions, Petitioner argued that his trial counsel had been ineffective for failing to conduct a proper investigation and that the prosecutors fraudulently obtained the indictment.  *Id.* Petitioner voluntarily withdrew both motions on March 22, 2002.  *Id.*

Nearly a year after he withdrew these motions, Petitioner attempted to reinstate his Motion for post conviction relief.  *Id.*  The trial court, citing *res judicata*, denied reinstatement of the motion on August 4, 2003.  *Id.*  Petitioner filed a Motion for Delayed Appeal of this Order on January 15, 2004, claiming he did not appeal that decision in a timely manner because he had been limited in the amount of time he was permitted to spend in the law library.  *Id.*  The Court of Appeals denied the delayed appeal on April 9, 2004 indicating that Ohio Appellate Rule 5 permitting delayed appeals did not apply to post conviction relief.  *Id.*  Petitioner did not appeal that decision to the Ohio Supreme Court.

### C.  First Resentencing

Four years later, on March 27, 2008, Petitioner filed a Motion for Resentencing in the trial court.  (ECF No.  1-5).  He asserted that the trial court had not advised him of the term of post-release control or the maximum penalty to which he could be subject, and his sentence was, therefore, void.  (ECF No. 1-5).  He filed a second Motion to Withdraw Guilty Plea on August 12, 2008 claiming his plea violated Ohio Criminal Rule 32 because he did not understand the charges to which he was pleading guilty, and had not been properly advised of his Miranda rights.  *Id.*

The trial court held a hearing on the Motion to Withdraw Guilty Plea and the Motion for Resentencing.  (ECF No. 1-5).  The court denied the Motion to Withdraw Guilty Plea, but granted, in part, the Motion for Resentencing.  (ECF No. 1-5).  On August 25, 2008, the trial court issued a

3

(5:12CV2901)

new sentencing order which reflected the same twenty-one-year sentence imposed in 2001, and which added the following language to the Order:

> After release from prison, the Defendant is ordered subject to post-release control of 3 years or less, as provided by law.

(ECF No. 1-5).

Petitioner attempted to appeal this new entry on September 17, 2008. *Id.* The appeal, however, was dismissed on December 8, 2012 because Petitioner did not pay the filing fee after being given notice and an opportunity to correct the deficiency. *Id.* He filed an Application to Re-Open Appeal under Ohio Appellate Rule 26(B). *Id.* In support of this Application he claimed his trial counsel was ineffective when he entered his guilty plea in 2001. *Id.* The Court of Appeals denied the Application because Petitioner did not base it on a claim of ineffective assistance of appellate counsel. *Id.* Petitioner did not appeal that decision to the Ohio Supreme Court.

**D. Second Resentencing**

Petitioner filed a second Motion for Resentencing and Motion to Withdraw Guilty Plea on December 27, 2010. (ECF No. 1 at 3). In the Motion for Resentencing, Petitioner claimed the trial court did not adequately sentence him to post-release control as provided in Ohio Revised Code §2967.28 and §2929.19, and did not specify a mandatory term. (ECF No. 1-7 at 2). In the Motion to Withdraw Guilty Plea, Petitioner asserted that his trial counsel had been ineffective because trial counsel did not familiarize himself with the facts of Petitioner's case, and that Petitioner was not properly advised of his Miranda rights. (ECF No. 1-7 at 2). The court denied the Motion to Withdraw Guilty, citing the doctrine of *res judicata*, but granted the Motion for Resentencing. (ECF No. 1-7 at 3).

(5:12CV2901)

A hearing was held on Petitioner's second Motion for Resentencing on May 18, 2011.  (ECF No. 1-8).  At the conclusion of the hearing, the court re-imposed its original sentence of twenty-one years incarceration, and added:

> As part of the sentence in this case, the Defendant shall be supervised on post-release control by the Adult Parole Authority for a mandatory period of 3 years after being released from prison.  If the Defendant violates the terms and conditions of post-release control, the Adult Parole Authority may impose a residential sanction that may include a prison term of up to nine months, and the maximum cumulative prison term for all violations shall not exceed one-offense while on post-release control, the sentencing court may impose a prison term for the new felony offense as well as an additional consecutive prison term for the post-release control period, whichever is greater.

(ECF No. 1-8 at 1).

Petitioner filed a Motion for Leave to Appeal pursuant to Ohio Appellate Rule 5(a).  (ECF No. 1-9).  The Court of Appeals found no good cause existed for failing to timely file an appeal and denied the Motion.  (ECF No. 1-10).  Petitioner filed an appeal of this decision to the Ohio Supreme Court on September 22, 2011 claiming as his assignment of error that the trial court had failed to appoint counsel for his direct appeal following resentencing and the trial court failed to serve him and counsel with reasonable notice of a final appealable order.  *See State of Ohio v. Curley*, No. 2011-1621 (Ohio Sup. Ct. filed Sept. 22, 2011).  The Supreme Court declined jurisdiction to hear the appeal on November 30, 2011.  (ECF. No. 1-11).

## II.  Habeas Petition

Petitioner then filed this Petition for a Writ of Habeas Corpus, alleging three grounds for relief:

1.  Petitioner's conviction and sentence [are] in violation of the Due

5

(5:12CV2901)

> Process Clause of the United States Constitution 14th Amendment,
> because the trial court failed to inform Petitioner of post release
> control and supervision would be part of his [sentence] under Crim.R.
> 11(C);
>
> 2. The Petitioner's conviction and sentence [are] void pursuant to the
> Due Process and Equal Protection [Clauses] of the United States
> Constitution because the trial [court] illegally added post release
> control and supervision to the Petitioner's sentence.
>
> 3. I was denied due process of my rights to the Constitution when the
> trial court failed to advise the Petitioner (me) of my right to appeal
> my conviction and sentence and that I could pursue a[n] appeal with
> the aid of counsel in relations of my appeal.

(ECF No. 1 at 6-9).  In support of his first ground, Petitioner states the trial court did not mention

that the imposition of post-release control was mandatory when it sentenced him originally in

January 2001.  He indicates the trial court also failed to tell him that post-release control was

mandatory before accepting his guilty plea.  (ECF No. 1 at 6).  He then objects, in his second ground

for relief,  to the trial court's granting of his motions for resentencing claiming that the trial court

illegally added post-release control to his sentence, and advised him it was mandatory.  (ECF No.

1 at 8).  He claims he was not told at his plea hearing that it would be mandatory.  Finally, in support

of his third claim, he alleges the trial court denied him due process because the judge did not

personally tell him at his original sentencing hearing that he had the right to appeal, what the time

limits were to appeal, and his right to have counsel appointed to represent him.  (ECF No. 1 at 10).

### III.  Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28

U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed

after that effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see* *Woodford v. Garceau*, 538

6

(5:12CV2901)

U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it

7

(5:12CV2901)

represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003).  In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary.  *Id.*  "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007).  AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

### IV.  Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles.  Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004).  Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts.  *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003).  Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim.  *Wagner*, 581 F.3d at 414.  Specifically, in determining

8

(5:12CV2901)

whether a petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).  For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law.  *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).  Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court.  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).  It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court.  *Id.*  This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement.  *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds."  *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court

9

(5:12CV2901)

is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir.1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman, 501 U.S. at 735*.

To determine if a claim is procedurally defaulted the court must determine whether: (1) there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman, 501 U.S. at 751*. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (*i.e.*, exhausted) or because they were not properly presented to the state courts

(5:12CV2901)

(*i.e.*, were procedurally defaulted), are generally not cognizable on federal habeas review.

In this case, Petitioner did not properly present his habeas claims to the state courts for review.  His first and second claims were never heard on the merits by the Court of Appeals because Petitioner was never successful in appealing his original sentences or the sentences he received during his resentencing hearings in 2008 and 2011.  He tried to appeal his original sentence in 2001, but his appeal was dismissed because he did not pay the filing fee and did not file a docketing statement.  He filed a Motion for Delayed Appeal under Rule 5(A), but this was denied because the court determined Rule 5 did not apply to permit what would in essence be a second appeal.  He appealed the first corrected sentencing entry in 2008, but that appeal was dismissed because Petitioner did not pay the filing fee.  He attempted to re-open the appeal pursuant to Ohio Appellate Rule 26(B), but his Motion was dismissed because it did not contain a claim of ineffective assistance of appellate counsel.  He did not appeal that decision to the Ohio Supreme Court.  He attempted to file an untimely appeal of the second corrected sentencing entry in 2011 with a Motion for Leave to file an Appeal pursuant to Ohio Appellate Rule 5(A)(2).  The court of appeals found no good cause for the delay and denied the Motion.

Ohio imposes time limitations for filing a direct appeal. Although the court of appeals had discretion to permit Petitioner to pursue a delayed appeal, it denied his Motions because he did not comply with Rule 5(A) in the first instance, and did not demonstrate good cause for the delay in the second instance.  The Ohio Court of Appeals decision denying Petitioner's Motions for Delayed Appeal constitutes an adequate and independent ground to deny federal habeas corpus review. *Stone v. Moore,* 644 F.3d 342, 348 (6th Cir. 2011).  These claims are procedurally defaulted.

11

(5:12CV2901)

Petitioner does not appear to have attempted to raise his third ground for relief on appeal. He acknowledges in his Petition that he is asserting this claim for the first time in this habeas petition. He indicates he mentioned in his August 2011 appeal that the trial court did not give him notice of his right to appeal. While he may have made this statement in an attempt to excuse the lateness of his appeal, he did not raise it as a ground for relief. Moreover, the court of appeals did not consider his explanation as good cause and denied his Motion for Delayed Appeal. The denial of his Motion for Delayed Appeal is an independent and adequate state ground for relief. *Stone*, 644 F.3d at 348. Furthermore, the Petitioner's failure to assert the claim in his attempted appeal would also constitute procedural default. A petitioner's failure to raise his claims in Ohio courts on appeal is an adequate and independent state law ground for upholding the petitioner's conviction and sentence. *See Buell v. Mitchell,* 274 F.3d 337, 348-49 (6th Cir. 2001); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir.1999). This claim is also barred by the doctrine of procedural default.

Because Petitioner's claims are procedurally defaulted, federal habeas review is barred unless he can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.' " *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 388

12

(5:12CV2901)

(6th Cir.2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991)).  To establish prejudice, Petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Petitioner does not suggest any factor external to the defense precluded him from appealing his claims to the Ohio Ninth District Court of Appeals or to the Ohio Supreme Court. Petitioner claims he did not get timely notice of the court's order in 2011; however, the court of appeals noted that even if the time to file an appeal began to run on the day he claims he received the court's order, his appeal would still have been untimely.  There are no other allegations in the Petition which suggest Petitioner may have cause for failing to raise any of the other grounds in the state courts.  He has not demonstrated "cause" for the default.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense.  *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96).  Petitioner does not claim he is innocent of the crimes in the underlying conviction.  There is no suggestion that a fundamental miscarriage of justice occurred as a result of this procedural default.

## V.  Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further,

13

(5:12CV2901)

the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not

be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28

U.S.C. § 2253; Fed.R.App.P. 22(b).


        IT IS SO ORDERED.


 August 7, 2013                                        /s/ Benita Y. Pearson
Date                                              Benita Y. Pearson
                                                  United States District Judge

14